Renatus J. CHYTIL, Plaintiff–
Appellant,

v.

Colin L. POWELL,[*] United
States Secretary of State,
Defendant–Appellee.

No. 00–55085.

D.C. No. CV 99–01092–DOC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2001.

Decided July 31, 2001.

---

[*] Collin L. Powell, United States Secretary of State, is substituted for his predecessor, Madeline Albright, Fed. R.App. P. 43(c)(2).

**516**

Before TROTT, MCKEOWN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Appellant Renatus J. Chytil "Chytil" is a naturalized citizen of the United States. When he was naturalized in 1957, his Czech citizenship was revoked. After becoming a citizen, Chytil requested the as-

sistance of the United States Secretary of State in regaining property confiscated by the government of Czechoslovakia, but his request was refused on the ground that he was not a citizen when his property was confiscated in 1939. In 1999, Chytil filed a complaint in the district court, alleging violations of 42 U.S.C. §§ 1982, 1983, and 1971, and seeking "[a] Declaratory Judgment directing that ... [the] Secretary of State may not discriminate against ... [Chytil] on the basis of his national origin in deciding whether to take jurisdiction and to espouse his claims for restitution of property wrongfully and illegally converted and held by The Czech Republic." The Secretary of State moved to dismiss Chytil's complaint, and the district court adopted the findings, conclusions, and recommendations of the magistrate judge and dismissed the complaint.

Chytil argues to us that, in refusing to espouse his claim on the ground that he was not a U.S. citizen at the time his property was confiscated, the Secretary of State impermissibly discriminated against him on the basis of his national origin. He does not seek to compel the Secretary of State to espouse his claim. Rather, he seeks "only a declaratory judgment directing that the Secretary of State may not discriminate among United States citizens' petitions for redress *solely on the grounds of national origin.*"

■ Because in espousing a claim a sovereign takes the claim on as its own, a sovereign cannot espouse claims for people who were not citizens of that sovereign at the time the injury was inflicted. *Dayton v. Czechoslovak Socialist Republic*, 834 F.2d 203, 206–07 (D.C.Cir.1987) (quoting Letter from Richard Fairbanks, Assistant Secretary of State for Congressional Relations, Oct. 2, 1981). In the United States,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

espousal is and historically has been the province of the executive branch of the federal government. Restatement (Third) of Foreign Relations Law § 902 cmt. 1 (1986) ("In the United States, the presentation of claims against foreign governments, including those on behalf of private persons, is the responsibility of the President and the Executive Branch.").

The political question doctrine, first recognized in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 164, 2 L.Ed. 60 (1803), stands for the tenet that "certain political questions are by their nature committed to the political branches to the exclusion of the judiciary." *Antolok v. United States*, 873 F.2d 369, 379 (D.C.Cir.1989). Like many—though not all—other foreign relations issues, espousal is by its nature within the province of the executive branch. *See id.* at 380; *Baker v. Carr*, 369 U.S. 186, 211, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Espousal seems particularly unsusceptible to resolution in the judicial branch. In making espousal decisions, the Secretary of State undoubtedly takes into account many factors relating to foreign relations, including the relations between the United States and the foreign country against which a person has a claim. The judiciary has no experience in espousal and has no way of considering the many other factors that espousal decisions would affect, and there is no basis upon which the judiciary can conclude that national origin is a factor that the Secretary may not consider. We therefore hold that Chytil's case presents a nonjusticiable political question.

AFFIRMED.